IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

WILLIAM LIEBHART and NANCY LIEBHART,

                        Plaintiffs,

v.                                                                    OPINION and ORDER

SPX CORPORATION, TRC ENVIRONMENTAL
CORPORATION, and APOLLO DISMANTLING           20-cv-205-jdp
SERVICES, INC.,

                        Defendants.

---

Plaintiffs William Liebhart and Nancy Liebhart are suing defendants SPX Corporation, Apollo Dismantling Services, Inc., and TRC Environmental Corporation under the Resource Conservation and Recovery Act (RCRA) and the Toxic Substances Control Act (TSCA) for alleged PCB contamination from a demolition site adjacent to the Liebharts' property. The Liebharts previously sued the same defendants under the same laws for PCB contamination caused by dust particles from the same site, but this court concluded that the Liebharts weren't entitled to relief under either statute. *See Liebhart v. SPX Corp.*, No. 16-cv-700-jdp, 2020 WL 6999229 (W.D. Wis. Feb. 7, 2020), *aff'd*, 998 F.3d 772 (7th Cir. 2021).[1]

In the new lawsuit, the Liebharts contend that defendants violated the RCRA and the TSCA by burying PCBs on the site. Defendants move to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(6), contending that it is precluded by the Liebharts' earlier

---

[1] Plaintiffs filed a third lawsuit in state court, but defendants removed it to this court, and it is now pending. *See Liebhart v. SPX Corp.*, No. 20-cv-316-jdp (W.D. Wis.). That lawsuit also arises out of alleged PCB contamination from the same demolition site, but neither side contends that the third lawsuit has any bearing on this one, so the court will not discuss it further.

lawsuit. Alternatively, defendants contend that the Liebharts haven't stated a claim under the TSCA. Dkt. 22.

For their part, the Liebharts move for partial summary judgment on their claim that defendants violated 40 C.F.R. § 761.61, a regulation implemented under the TSCA. Dkt. 32. They also move for attorney fees under the TSCA on the ground that their conduct was the "catalyst" that prompted defendants to take some remedial action. Dkt. 33. The court stayed both of the Liebharts' motions pending a decision on the motion to dismiss. The Liebharts move to lift that stay, Dkt. 70, and they also ask for leave to file a reply brief in support of that motion, Dkt. 77.

The court will grant the motion to dismiss because this case is precluded by the Liebharts' previous lawsuit. That decision moots the Liebharts' motion for summary judgment, the motion to lift the stay, and the motion for leave to file a reply brief.

The court will deny the Liebharts' request for fees. The TSCA allows a court to award fees when it is "appropriate" to do so, but it would not be appropriate to award fees under the circumstances of this case.

BACKGROUND

In the Liebharts' first case, they contended that each of the defendants was responsible for PCB contamination on the Liebharts' property, which was adjacent to an industrial site that defendants had demolished. One month after the parties finished briefing their summary judgment motion, the Liebharts moved to amend their complaint to add a new claim that defendants had violated the RCRA and the TSCA by burying contaminated concrete on the demolition site rather than removing it. The court denied the motion in part because it was

untimely and unfairly prejudicial. The court rejected the Liebharts' contention that they delay was caused by defendants' failure to timely disclose the relevant information because the Liebharts admitted that they had notice of the claim four months before they sought leave to amend. *Liebhart v. SPX Corp.*, No. 16-cv-700-jdp, 2018 WL 1583296, at *7 (W.D. Wis. Mar. 30, 2018). The Court of Appeals for the Seventh Circuit upheld the decision to deny the Liebharts leave to amend their complaint, but the court vacated the judgment on other grounds to allow this court to reconsider the Liebharts' other claims under the standard articulated by the court of appeals. *Liebhart v. SPX Corp.*, 917 F.3d 952, 965–66 (7th Cir. 2019).

On remand, the Liebharts again asked for leave to amend their complaint to include the burial claim, and they again blamed defendants for concealing information that would have allowed them to bring the claim sooner. This court denied the request:

> The court of appeals affirmed this court's decision to deny plaintiffs' motion for leave to amend their complaint on the ground that doing so would be unduly prejudicial to defendants, which supports this court's conclusion not to expand the scope of the case now. Plaintiffs point to the court of appeals' statement that "the district court may permit an amendment on remand if the interests of justice so require," but plaintiffs haven't pointed to any new facts that would require a different conclusion. If anything, plaintiffs' proposed amendments would be more prejudicial now. Plaintiffs are essentially asking for an opportunity to relitigate their entire case. But the case is already nearly three years old; the parties have engaged in extensive discovery, prepared multiple expert reports on both sides, and generated 250 docket entrees. Starting over now would create significant delay and additional expense on both sides.
>
> Throughout their briefs, plaintiffs state repeatedly that justice requires the court to grant all of their requests. But missing from their briefs is any justification for failing to raise their new claims earlier. The court of appeals clarified the legal standard for plaintiffs' existing claims, but it didn't create any new causes of action. Under the Federal Rules of Civil Procedure, parties are entitled to one full and fair opportunity to litigate their claims. They are not entitled to reinvent their case three years after filing

3

> their lawsuit because they conclude that their original claims are insufficient.
>
> Plaintiffs accuse defendants of concealing evidence related to the alleged burial of PCBs, which is one of the new claims they wish to assert. But both this court and the court of appeals concluded that, by their own admission, plaintiffs waited four months to move for leave to amend after learning about the burial. So plaintiffs cannot prevail on an argument that defendants' alleged conduct entitles them to assert new claims now.

*Liebhart v. SPX, Inc.*, No. 16-cv-700-jdp (W.D. Wis. May 20, 2019), Dkt. 252 (citations omitted).

This court later granted summary judgment to defendants under the court of appeals' standard. *Liebhart v. SPX Corp.*, No. 16-cv-700-jdp, 2020 WL 6999229, at *1 (W.D. Wis. Feb. 7, 2020). The Liebharts appealed again, but the court of appeals again upheld the denial of leave to amend, and it affirmed the judgment on the ground that the Liebharts hadn't shown that they were entitled to relief under either the RCRA or the TSCA. *Liebhart v. SPX Corp.*, 998 F.3d 772, 781 (7th Cir. 2021).

## ANALYSIS

### A. Mootness

A threshold question that neither side addresses is whether this case is moot. In their brief, the Liebharts state, "[I]n the past twelve months Defendants have exhumed the wastes buried on the demolition site in a significant excavation project, thereby providing the Liebharts the exact relief they sought in this case." Dkt. 34, at 3. When plaintiffs obtain all the relief they are seeking on their claims, the case is moot, and the court may not decide any substantive issues. *See Cornucopia Inst. v. U.S. Dep't of Agric.*, 560 F.3d 673, 676 (7th Cir. 2009).

A request for attorney fees doesn't defeat a mootness challenge because fees are separate from the merits. *Id.*

But the Liebharts' complaint includes numerous requests for injunctive relief beyond simply exhuming the buried waste, *see* Dkt. 1, at 26–27, so it isn't clear whether defendants have given them all the injunctive relief they want. When a defendant voluntarily complies with the plaintiff's demand, the defendant generally has the burden to show that the case is moot. *See Friends of the Earth, Inc. v. Laidlaw Env't Servs. (TOC), Inc.*, 528 U.S. 167, 189 (2000). Because neither side is arguing that the case is moot, the court cannot say that "it is impossible for a court to grant any effectual relief whatever" to the Liebharts. *Hoosier Envtl. Council v. U.S. Army Corps of Engineers*, 722 F.3d 1053, 1057–58 (7th Cir. 2013) (internal quotation marks omitted). Further, the Liebharts are also seeking civil penalties for the alleged violation under the RCRA, *see* 42 U.S.C. § 6972(a), and the availability of civil penalties is generally sufficient to avoid dismissal for mootness. *See Atl. States Legal Found., Inc. v. Stroh Die Casting Co.*, 116 F.3d 814, 820 (7th Cir. 1997). So the court will consider both sides' motions.

**B. Defendants' motion to dismiss**

Defendants move to dismiss the Liebharts' claims under both the RCRA and the TSCA on the ground they are barred by their previous case. Alternatively, defendants contend that plaintiffs fail to state a claim under the TSCA. The court agrees with both contentions.

*Arrigo v. Link Stop, Inc.* requires a conclusion that plaintiffs are barred from maintaining this case under the doctrine of claim preclusion, also called res judicata. 836 F.3d 787 (7th Cir. 2016). In *Arrigo*, the plaintiff had sued her former employer under the Family and Medical Leave Act, alleging that she was fired for taking leave. Just before summary judgment motions were due, she moved for leave to amend her complaint to add claims for violations of Title VII

5

of the Civil Rights Act and the Americans with Disabilities Act arising out of the same course of conduct.

As in this case, the district court in *Arrigo* denied the plaintiff's motion for leave to amend her complaint on the ground that the plaintiff could have raised the claim earlier and it would be unfairly prejudicial to the defendants to allow the plaintiff to assert new claims on the eve of summary judgment. *Arrigo v. Link Stop, Inc.*, No. 12-cv-700-bbc, 2013 WL 12234203, at *1 (W.D. Wis. May 23, 2013). In response, the plaintiff both appealed the denial and filed a new lawsuit that raised the same claim. The district court dismissed the new lawsuit under the doctrine of claim preclusion, which applies when a party could have raised the claim in a previous lawsuit arising out of "the same incident, events, transaction, circumstances, or other factual nebula as a prior suit that had gone to final judgment." *Okoro v. Bohman*, 164 F.3d 1059, 1062 (7th Cir.1999). The district court reasoned as follows:

> [I]f plaintiff were allowed to litigate a new lawsuit now, it would undermine the decision denying plaintiff's motion for leave to amend her complaint. I denied the motion because it was untimely and would cause unfair prejudice to defendant. Forcing defendant to litigate related claims in two different lawsuits proceeding on different schedules would be even more prejudicial than permitting the untimely amendment.

*Arrigo*, 2013 WL 6094581, at *4.

In a consolidated appeal of both cases, the plaintiff argued both that the district court should have allowed the late amendment in the first case and that claim preclusion didn't apply because there was no "final judgment on the merits," which is one of the requirements of the doctrine. The court of appeals upheld the denial of leave to amend as untimely and then concluded that claim preclusion applied, reasoning that "allowing [the plaintiff] to proceed

6

here would result in the very prejudice and inefficiency that the denial of the untimely amendment, which we upheld, was intended to avoid." *Arrigo*, 836 F.3d at 800.

The rule from *Arrigo* is clear: a denial of a motion for leave to amend a complaint as untimely and unfairly prejudicial qualifies as a final judgment on the merits for the purpose of claim preclusion. So if a court denies a party's motion for leave to amend on timeliness grounds, claim preclusion bars that party from asserting the same claim in a new lawsuit arising out of the same incident as the previous lawsuit. In this case, there is no dispute that this case arises out of the same incident as the Liebharts' previous lawsuit, the demolition of the industrial site.[2] There is also no dispute that the Liebharts are raising the same claim that they attempted to raise in their previous lawsuit. Under these circumstances, the rule from *Arrigo* applies, and the new lawsuit is precluded.

The Liebharts challenge this conclusion on three grounds, but none are persuasive. First, the Liebharts say that this court "left no doubt that its denial of the Liebharts' motion to amend their Complaint was **not** on the merits." Dkt. 34 at 21 (emphasis in original). In support, the Liebharts quote passages from the summary judgment opinion in which the court declined to consider arguments about the burial of PCBs because that issue was "outside the scope of the case."

---

[2] In a footnote, the Liebharts observe that "[t]he causes of action in [their previous lawsuit] and in this complaint are not identical." Dkt. 34 at 22 n.20. But that isn't required for claim preclusion. "[F]or purposes of res judicata a claim is not an argument or a ground but the events claimed to give rise to a right to a legal remedy." *Bethesda Lutheran Homes & Services, Inc. v. Born*, 238 F.3d 853, 857 (7th Cir. 2001). The Liebharts do not argue that their burial claim arises out of different facts because the previous lawsuit was about PCBs on *their* property while this lawsuit is about PCBs on adjacent property, so the court doesn't consider that issue.

It isn't clear what the Liebharts arguing here. They may mean to invoke the rule that claim preclusion doesn't apply "if the court in an earlier action expressly reserves the litigant's right to bring those claims in a later action." *Cent. States, Se. & Sw. Areas Pension Fund v. Hunt Truck Lines, Inc.*, 296 F.3d 624, 629 (7th Cir. 2002) (internal quotation marks omitted). But this court didn't do that, and the language the Liebharts cite doesn't suggest otherwise. By declining to consider the Liebharts' arguments about the burial of PCBs, the court was simply confirming that it had not allowed the Liebharts to amend their complaint to add those claims. The court was not inviting another lawsuit.

Alternatively, the Liebharts may be observing that the court didn't decide the merits of their burial claim. That's true, but irrelevant. As *Arrigo* made clear, "a denial of relief on the ground that the request came too late is still a decision on the merits" for the purpose of claim preclusion. *United States ex rel. Conner v. Mahajan*, 877 F.3d 264, 271 (7th Cir. 2017) (citing *Arrigo*, 836 F.3d at 799).

Second, the Liebharts say that *Arrigo* is "distinguishable on a pivotal point," which is that the plaintiff in that case had known about the claims in her proposed amended complaint when she initially filed the lawsuit, but she chose not to bring them until later. Dkt. 34, at 22. The Liebharts say that they didn't know about the burial when they filed their first lawsuit. This fact from *Arrigo* doesn't help the Liebharts because the plaintiff's knowledge at the time of filing wasn't part of *Arrigo*'s holding or even its reasoning; it was simply part of the background. The important fact in *Arrigo* wasn't that the plaintiff had known about her claim since the beginning of the lawsuit. Rather, the important point was that the plaintiff could have brought the claim sooner than she did. So the court reasoned that "allow[ing] the second lawsuit to continue would render meaningless [the court's] decision to uphold the district

court's denial of [the plaintiff's] motion for leave to amend to add the same claims." *Arrigo*, 836 F.3d at 799.

The same principle applies in this case. The Liebharts may not have known about the burial when they first filed their lawsuit, but it's undisputed that they became aware of it several months before they sought leave to amend. The untimeliness of the motion, combined with the unfair prejudice of allowing the amendment, was the reason this court denied leave twice. Just as in *Arrigo*, allowing a second lawsuit to proceed would render meaningless the court's previous rulings.

Third, and finally, the Liebharts contend that the court should decline to apply claim preclusion under an exception for fraudulent concealment, citing a comment to the Restatement of Judgments (Second) § 26, which states that a claim shouldn't be barred if "the plaintiff failed to include [the claim] in an earlier action because of the defendant's own fraud." The Liebharts allege that the above comment applies here because defendants concealed information about the burial. But the Liebharts made the same argument when they first moved for leave to amend and again when they renewed their motion after the remand. This court rejected the argument both times, and the court of appeals affirmed both decisions. Again, it's undisputed that the Liebharts knew about the burial several months before they sought leave to amend, so the fraud exception doesn't apply.

*Arrigo* forecloses this case, but for the sake of completeness, the court will briefly address defendants' alternative contention that the Liebharts' TSCA claims fail to state a claim upon which relief may be granted. The TSCA authorizes suits to "restrain" violations of the law. 15 U.S.C. § 2619(a)(1). This court concluded in the Liebharts' previous case that "the TSCA doesn't authorize injunctions to remediate harm." *Liebhart*, 2020 WL 6999229, at *11 (citing

9

*Meghrig v. KFC W., Inc.*, 516 U.S. 479, 484 (1996), and *Gwaltney of Smithfield, Ltd. v. Chesapeake Bay Found., Inc.*, 484 U.S. 49 (1987)). Rather, it is limited to "stop[ping] a defendant from further violating the law." *Id.* (internal quotation marks omitted). The Liebharts were seeking injunctive relief on a demolition project that was completed years earlier, so they couldn't meet the standard under § 2619(a)(1). *Id.* The Liebharts' requested injunctive relief in this case relates to the same demolition projection, so this court's conclusion from the Liebharts' previous case applies equally here. So even if claim preclusion didn't apply, the court would dismiss the TSCA claims.

**C. Plaintiffs' motions**

The Liebharts filed two of their own motions: (1) a motion for partial summary judgment on one of their claims under the TSCA; and (2) a motion for attorney fees. The court stayed briefing on both of these motions, but it isn't necessary to direct defendant to respond to them now because it is clear that both motions should be denied. The motion for partial summary judgment is moot in light of the court's conclusion that the TSCA claims fail to state a claim and are barred under the doctrine of claim preclusion. The motion for attorney fees isn't moot, but the court will deny the motion on the merits.

The Liebharts seek attorney fees under a provision in the TSCA that allows a court to award fees "if the court determines that such an award is appropriate." 15 U.S.C. § 2619(c)(2). The Liebharts point out that § 2619(c)(2) doesn't require a court to find that the party prevailed on any of its claims before awarding fees. From this, the Liebharts contend that the court should apply the so-called "catalyst theory," under which plaintiffs may recover fees if they "achieve[] the desired outcome of litigation even if it results from a voluntary change in the defendant's conduct." *Bingham v. New Berlin School District*, 550 F.3d 601, 603 (7th Cir.

10

2008). They allege that they satisfy this standard because defendants removed the buried PCBs "only as a direct result of the Liebharts' prosecution of their claims in this Court." Dkt. 34, at 26.

The Court of Appeals for the Seventh Circuit hasn't considered what qualifies as "appropriate" circumstances under § 2619(c)(2). But even if serving as a "catalyst" could qualify under some circumstances, the court isn't persuaded that it is appropriate to award fees in this case. As already discussed, the Liebharts' TSCA claims fail for two threshold reasons, one of which was clearly established by *Arrigo*. It would not be appropriate to award fees for a case that the Liebharts should have known they couldn't bring. *Cf. Basel Action Network v. Mar. Admin.*, No. CIV.A. 03-2000 (RMC), 2006 WL 44155, at *3 (D.D.C. Jan. 3, 2006) (declining to award fees under § 2619(c)(2) when case was dismissed as premature).

In any event, the test that the Liebharts cite requires them to show that their "suit was a 'substantial' or 'significant' cause of defendant's action providing relief." *Sierra Club v. E.P.A.*, 322 F.3d 718, 726 (D.C. Cir. 2003) (quoting *Buckhannon Board & Care Home, Inc. v. West Virginia Department of Health & Human Resources*, 532 U.S. 598, 627–28 (2001) (Ginsburg, J., dissenting)). The Liebharts acknowledge that defendants began planning for the excavation no later than August 2019, *see* Dkt. 34, at 41, which was several months before the Liebharts filed this lawsuit. That significantly undermines any view that defendants took action because of this suit. The Liebharts seem to be relying on their conduct from the previous lawsuit as instigating defendants to act, but the Liebharts cite no authority for the view that a party may rely on conduct from a previous lawsuit to serve as the basis for an award of fees in a different suit. The motion for fees will be denied.

ORDER

IT IS ORDERED that:

1. Defendants' motion to dismiss for failure to state a claim, Dkt. 22, is GRANTED.

2. Plaintiffs' motion for partial summary judgment, Dkt. 32, is DENIED as moot.

3. Plaintiffs' motion for attorney fees, Dkt. 33, is DENIED.

4. Plaintiffs' motion to lift the stay, Dkt. 70, and motion for leave to file a reply brief, Dkt. 77, are DENIED as moot.

5. The clerk of court is directed to enter judgment in defendants' favor and close this case.

Entered April 22, 2022.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge